IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN JEFFERSON TUGGLE, | ) | |
| Plaintiff, | ) | Civil Case No. 7:21-cv-00215 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| WASHINGTON COUNTY, VIRGINIA, | ) | United States District Judge |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff John Jefferson Tuggle, a Virginia inmate proceeding *pro se*, filed this action using a form for filing civil rights actions pursuant to 42 U.S.C. § 1983. The complaint is before the court for review pursuant to 28 U.S.C. § 1915A(a). For the reasons discussed herein, the court concludes that Tuggle's complaint fails to state a claim for which relief can be granted under § 1983 and must be dismissed.

I. BACKGROUND

Tuggle's complaint names a single defendant: "Washington County, Virginia." His complaint contains nearly one hundred pages of attachments, but he does not identify which of the allegations referenced in those various attachments he is intending to raise in his complaint, nor does he identify any particular constitutional right of his that he believes was violated. Instead, he simply directs the court to the attached documents and says that, for relief, he wants his "current case thrown out." If that happens, he is "not worried about monetary, etc." Otherwise, he wants monetary damages for pain and suffering and his "rights restored." (Compl. 2, Dkt. No. 1.)

The various attachments do not make clear what Tuggle's claims are, either. They contain a host of allegations, but they mostly consist of letters he has sent to others. One of his chief complaints appears to be that transcripts from his preliminary hearing on two malicious

wounding charges were somehow modified to omit the testimony of three people who testified on his behalf. He claims that "they," which appears to be a reference to certain attorneys and "the Commonwealth," are "hiding stuff in the archives at the courthouse." (Dkt. No. 1-1 at 21.) He alleges that he has been imprisoned for 14 months on the malicious wounding charges, but should not have been, because the "5-month law is in effect" for those charges. (*Id.* at 20–21.) He does not explain that argument further.

Based on what is stated in several of his attached letters and his own forensic evaluation, which he also included as an attachment, it appears that there was a competency hearing as part of his criminal proceeding on those charges. According to him, the judge found him competent to stand trial, but he insisted that he receive in-patient treatment. He also includes copies of letters he sent to the judge who is presiding over his criminal case, the Virginia State Bar, and the Supreme Court of Virginia. These primarily refer to the allegedly missing evidence or testimony from his preliminary hearing and to complaints about his attorneys and the prosecuting attorney from the Commonwealth's Attorney Office of Washington County, Virginia.

Tuggle's attachments also reference his owning a patent and being denied monies he believes he earned from the patent, although it is unclear whether that patent relates in any way to his criminal charges or, if so, how. Also included are a number of letters addressed to the Internal Revenue Service in which he claims that he has not received inheritances, life insurance proceeds, and other monies owed him, including a prior civil judgment against the Virginia Department of Corrections, and he explains that he just became aware of unidentified people supposedly re-routing his mail. Again, it is unclear whether these allegations are relevant to his criminal case or whether he is attempting to assert some claim against some unknown person based on these allegations.

Upon review of Tuggle's complaint, the court concludes that his claims are subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for the reasons discussed next.

## II.  DISCUSSION

### A.  Tuggle Fails to State a Claim Against Washington County

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a local governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). To satisfy that requirement, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). In this case, Tuggle has set forth no factual matter that would state a claim against Washington County under *Monell*, and he names no other defendants. Accordingly, his complaint must be dismissed.

### B.  Tuggle's Claim, if Construed as a Habeas Action, Must Be Dismissed Without Prejudice Because the Court Lacks Jurisdiction Over It

In addition to failing to state a claim against Washington County, Tuggle's complaint must be dismissed for a more fundamental reason. Specifically, liberally construed, it appears

that he is challenging pending criminal charges against him.[1] According to Washington County Circuit Court records, he has two active cases for malicious wounding against him, Case Nos. CR20000208-00 and CR20000209-00.[2] Both cases have a hearing date currently set for May 13, 2021.

A direct challenge to criminal proceedings is not a proper § 1983 action, but must instead be brought as a petition for habeas corpus. Relief could not be granted to Tuggle under 28 U.S.C. § 2254 at this time because that provision allows challenges by a petitioner who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a)–(b). According to his allegations and state court records, Tuggle is apparently not in custody pursuant to any criminal judgment as to the malicious wounding charges, but is awaiting trial on those charges.

Although the Fourth Circuit has recognized that a pretrial detainee can seek federal habeas corpus relief under 28 U.S.C. § 2241 before the entry of a final court judgment against him, *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995), Tuggle has not raised any viable challenge to his current custody. In any event, exhaustion of claims on the merits in state court is generally required before filing under § 2241, *Dickerson v. Louisiana*, 816 F.2d 220, 229 (5th Cir. 1987), and Tuggle presents no evidence that he has exhausted. *See also McFadden v. Simon Major*, No. CA 3:10-68-RBH-JRM, 2010 WL 1542531, at *2 (D.S.C. Feb. 23, 2010), *report and recommendation adopted sub nom. McFadden v. Major*, No. CIVA3:10-68-RBH, 2010 WL 1542544 (D.S.C. Apr. 15, 2010) (collecting cases requiring exhaustion for pretrial habeas claims brought under § 2241).

---

[1] The court does not construe his complaint as challenging any prior conviction, only the pending malicious wounding charges against him. But any such claim for damages (or seeking release) under § 1983 challenging a prior conviction would likely be precluded by *Heck v. Humphrey*, 512 U.S. 477 (1994).

[2] The court takes judicial notice of Tuggle's state court proceedings in Washington County Circuit Court. *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (explaining that a federal court may take judicial notice of state court proceedings that directly relate to the issues pending in the federal court).

The rationale for requiring exhaustion in this context is closely related to the principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *Thomas v. Clarke*, No. 2:17CV209, 2017 WL 7167101, at *3 (E.D. Va. Dec. 21, 2017), *report and recommendation adopted,* No. 2:17CV209, 2018 WL 627387 (E.D. Va. Jan. 30, 2018) (explaining that even if the claims of the pretrial detainee plaintiff were cognizable under § 2241, they would be subject to dismissal because of "two related and overlapping grounds": *Younger* abstention and petitioner's failure to exhaust). *Younger* requires a federal court to "abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (citation omitted). There are exceptions, for "extraordinary circumstances," which have been found mostly in cases involving double jeopardy claims. *See McFadden*, No. 3:10-68-RBH-JRM, 2010 WL 1542531, at *3 (D.S.C. Feb. 23, 2010) (collecting authority).

Although some pretrial habeas claims can proceed without exhaustion, that requires extraordinary or special circumstances. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (requiring special circumstances to allow pretrial, unexhausted challenges in habeas); *Moore v. DeYoung*, 515 F.2d 437, 443 (3d Cir. 1975) (explaining a federal court should not exercise habeas "jurisdiction without exhaustion . . . at the pre-trial stage unless extraordinary circumstances are present"; otherwise, the petitioner must exhaust state remedies and make a special showing of the need for adjudication before trial). Nothing in Tuggle's complaint suggests that there are extraordinary or special circumstances in his case that would allow him to assert his claims without first exhausting them in state court.

Accordingly, to the extent that his complaint is properly construed as a habeas petition pursuant to § 2241, it would be subject to dismissal without prejudice for failure to exhaust his state court remedies and also because of *Younger*. Tuggle must first exhaust any habeas claim by raising it before the Supreme Court of Virginia, in either a direct appeal or in a habeas petition, before seeking federal habeas relief. Because it does not appear that he has done so, any habeas claim is subject to dismissal.

### III.  CONCLUSION

For the foregoing reasons, Tuggle's § 1983 complaint will be dismissed without prejudice for failure to state a claim. To the extent it could be construed as a habeas petition under 28 U.S.C. § 2241, challenging his ongoing state criminal proceedings, it is subject to dismissal because he has not exhausted and, in any event, the court would abstain under *Younger*. An appropriate order will be entered.

Entered: April 21, 2021.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge